# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

STEVEN E. HOBBS, SR.,

                Plaintiff,

v.

LAKE TERRACE NURSING &
REHABILITATION, LLC and LAKE
TERRACE HEALTH AND
REHABILITATION, LLC,

                Defendants.

Case No. 25-CV-1400-JPS

**ORDER**

Earlier this year, Plaintiff Steven E. Hobbs, Sr. ("Plaintiff"), proceeding pro se, brought this action in the Northern District of Illinois against Defendant Lake Terrace Nursing and Rehab, LLC, doing business as Edenbrook Lakeside[1] ("Defendant") related to the death of his father, Robert Hobbs. ECF No. 11.[2] After being served, Defendant moved the

---

[1]While Plaintiff lists multiple defendants in his amended complaint, ECF No. 11 at 3, Defendant makes clear that the proper entity is Lake Terrace Nursing and Rehab, LLC, doing business as Edenbrook Lakeside, ECF No. 25 at 1. Plaintiff concedes that this is the proper party. ECF No. 31 at 6 ("Plaintiff respectfully proposes that the correct legal name [for Defendant] is 'Lake Terrace Nursing and Rehab, LLC d/b/a Edenbrook Lakeside' . . . ."). The Court will accordingly direct the Clerk of Court to terminate Lake Terrace Health and Rehabilitation, LLC as a party to this action and rename Lake Terrace Nursing & Rehabilitation, LLC to Lake Terrace Nursing and Rehab, LLC, doing business as Edenbrook Lakeside.

[2]Plaintiff filed a subsequent amended complaint after his first, *see* ECF No. 15, but he did not seek leave to amend his complaint for a second time, and the Northern District of Illinois court did not screen his second amended complaint, nor does it appear that it was the complaint that was served on Defendant. Accordingly, the Court considers Plaintiff's first amended complaint, ECF No. 11, to be the operative complaint in this matter. *See* Fed. R. Civ. P. 15(a)(2) (Aside from

Northern District of Illinois court to both transfer and dismiss the case. ECF Nos. 23, 24, and 25. The court ruled only on Defendant's motion to transfer, granting it and transferring the case to the Eastern District of Wisconsin where it was assigned to this branch of the Court for further disposition. ECF No. 40.

The Court is concerned that it may not have subject matter jurisdiction over this action. *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit." (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)). Plaintiff contends that his state law claims for wrongful death, negligence, premises liability and elder abuse are properly in federal court under diversity jurisdiction because "Plaintiff is a resident of Illinois, Defendant[] [is] located in Wisconsin, and the amount in controversy exceeds $75,000." ECF No. 11 at 4, 6 (citing 28 U.S.C. § 1332). This is not sufficient to establish diversity jurisdiction for several reasons. First, "[f]or diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007) (citing *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006)). Second, for purposes of diversity jurisdiction, the citizenship of natural citizens turns on domicile, not residence. *Sheneman v. Jones*, 682 F. App'x 498, 499 (7th Cir. 2017) (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). "[E]stablishing domicile in a particular state requires physical presence while intending to remain there." *Id.* (citing

---

the first amendment, "a party may amend its pleading only with the opposing party's written consent or the court's leave"). The Court also notes that Plaintiff filed a different amendment the same day as the Northern District of Illinois court's first screening order, which that court had stricken. ECF Nos. 7, 8, 9, 10. Accordingly, the Court does not consider that complaint in its numbering.

*Miss. Band of Choctaw Indians*, 490 U.S. at 48; *Texas v. Florida*, 306 U.S. 398, 424–25 (1939); and *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996)).

Thus, to avoid dismissal for lack of subject matter jurisdiction, Plaintiff must, on or before **October 14, 2025**, file a statement that addresses his domicile (his physical presence in a state with intent to permanently remain, *see Sheneman*, 682 F. App'x at 499), as well as Defendant's citizenship by listing the citizenship of each of Defendant's members to his information and belief. After Plaintiff files this statement, Defendant shall respond within **ten (10) days**.

As an alternative basis for subject matter jurisdiction, Plaintiff contends that the "Court has jurisdiction under 28 U.S.C. § 1331 (federal question) because Defendant[] violated federal nursing home regulations under 42 U.S.C. § 1395i-3." ECF No. 11 at 6. The Federal Nursing Home Reform Act ("FNHRA"), 42 U.S.C. § 1395i-3, does not create a private right of action, however. And while the Supreme Court has recognized that certain causes of action under the FNHRA are enforceable via 42 U.S.C. § 1983, *see Health Hosp. Corp. v. Talevski*, 599 U.S. 166 (2023), § 1983 only applies to state actors. *Scott v. Univ. of Chi. Med. Center*, 107 F.4th 752, 757 (7th Cir. 2024) ("§ 1983 only extends to private parties when they act 'under color of state law' . . . " (quoting *Alarm Detection Sys., Inc. v. Village of Schaumburg*, 930 F.3d 812, 825 (7th Cir. 2019)). While there are certain scenarios whereby a private actor can be found to have acted under color of state law,[3] there is nothing in the operative complaint, ECF No. 11, or the

_____

[3]"The Supreme Court has recognized several scenarios when private entities will be considered state actors for the purpose of a claim pursuant to § 1983. Under the 'joint action' or 'conspiracy' theory, a private party who conspires with the government to infringe on a plaintiff's rights will be classified as a state actor. . . . So, too, will a party performing a function that has traditionally been 'the

record more generally to suggest that Defendant can be considered a state actor for the purposes of § 1983. If Plaintiff intends to move forward under this ground for subject matter jurisdiction, the Court will permit him to amend his complaint, on or before **October 23, 2025**, to detail the factual basis for his purported claim under FNHRA and for Defendant's actions being arguably taken under color of state law, *see supra* note 3.

The Court also notes its concern with Plaintiff's complaint insofar as it seeks relief on behalf of his father Robert Hobbs' estate. "[A] non-attorney representative of an estate with multiple beneficiaries . . . cannot litigate pro se because doing so would be representing another party in litigation without a law license." *Arnold v. Indiana*, 2023 WL 4198034 at *2 (7th Cir. June 27, 2023) (citing 28 U.S.C. § 1654 and *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2008)). Because Plaintiff may amend his complaint, and it is unclear at this time whether Robert Hobbs' estate does, indeed, have multiple beneficiaries, the Court will defer its consideration of this issue until the claims at issue are clear. Plaintiff should be aware of this hurdle,[4] however, and should actively seek counsel if he knows that his father's estate does have multiple beneficiaries.

Lastly, the Court will deny Defendant's motion to dismiss, ECF No. 24, which makes arguments largely based on Illinois state law, *see* ECF No.

―――――――――

exclusive prerogative of the State.' . . . Courts will also find state action when a private party and the State are interdependent 'to the point of largely overlapping identity.'" *Scott*, 107 F.4th at 757 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) then quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 353 (1974) and *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 303 (2001)).

[4] Plaintiff is likely already aware of this hurdle as it was a basis for Defendant's motion to dismiss, *see* ECF No. 25, and the Northern District of Illinois court also brought it to Plaintiff's attention, ECF No. 40 at 2.

25, without prejudice. While this motion was fully briefed, ECF Nos. 25, 29, 30, 36, it has not been decided. If Plaintiff corrects the jurisdictional issues noted above and the case remains pending, the Court will either screen Plaintiff's second amended complaint or, if he chooses not to file one, enter its protocols which detail how to file a compliant motion to dismiss before this branch of the Court.

The Court is enclosing a copy of its amended complaint form and instructions. If Plaintiff intends to file such an amended complaint, he must do so on or before **October 23, 2025**. His amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." Any such amended complaint must be complete in and of itself without reference to the original complaint. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) (citing *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995)). In the case of amendment, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* (quoting *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)).

Accordingly,

**IT IS ORDERED** that Plaintiff Steven E. Hobbs, Sr. shall, on or before **October 14, 2025,** file a statement that addresses his domicile and Defendant Lake Terrace Nursing and Rehab, LLC doing business as Edenbrook Lakeside's citizenship by listing the citizenship of each of its members;

**IT IS FURTHER ORDERED** that, within **ten (10) days** of the filing of Plaintiff Steven E. Hobbs, Sr.'s jurisdictional statement, Defendant Lake Terrace Nursing and Rehab, LLC, doing business as Edenbrook Lakeside, shall **FILE** a response;

**IT IS FURTHER ORDERED** that Plaintiff Steven E. Hobbs may, on or before **October 23, 2025**, **FILE** a second amended complaint in accordance with the instructions provided herein. Failure to timely do so will result in dismissal of any claim based on 28 U.S.C. § 1395i-3;

**IT IS FURTHER ORDERED** that Defendant Lake Terrace Nursing and Rehab, LLC, doing business as Edenbrook Lakeside's motion to dismiss, ECF No. 24, be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** the Clerk of Court is hereby **DIRECTED** to terminate Lake Terrace Health and Rehabilitation, LLC as a party to this action and rename Lake Terrace Nursing & Rehabilitation, LLC to Lake Terrace Nursing and Rehab, LLC, doing business as Edenbrook Lakeside.

Dated at Milwaukee, Wisconsin, this 23rd day of September, 2025.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge