# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN E. HOBBS, SR.,

        Plaintiff,

v.

LAKE TERRACE NURSING & REHABILITATION, LLC,

        Defendant.

Case No. 25-CV-1400-JPS

**ORDER**

      The Court recently directed Plaintiff Steven E. Hobbs, Sr. ("Plaintiff") and Defendant Lake Terrace Nursing & Rehabilitation, LLC ("Defendant") to file statements to assist the Court in evaluating whether it has diversity subject matter jurisdiction over this case. ECF No. 49 at 2–3. The Court further gave Plaintiff an opportunity to amend his complaint to raise a federal claim, which could confer federal question subject matter jurisdiction over this case. *Id.* at 3.

      Plaintiff filed a statement indicating that he is domiciled in Illinois. ECF No. 52 at 2. Defendant responded indicating that it has six individual members, five of whom are domiciled in Illinois and one of whom is domiciled in Israel. ECF No. 53 at 1. Defendant contends that "Plaintiff has not established complete diversity jurisdiction," *id.*, and the Court agrees. "Under the rule of complete diversity, if there are residents of the same state on both sides of a lawsuit, the suit cannot be maintained under the diversity jurisdiction even when there is also a nonresident party." *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993) (collecting cases).

Plaintiff also failed to timely file an amended complaint raising a federal cause of action and alleging how Defendant acted under color of state law. ECF No. 49 at 3–4.

For both of these reasons, the Court lacks subject matter jurisdiction over this case, which is subject to dismissal. FED. R. CIV. P. 12(h)(3); *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit." (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)). The dismissal will operate without prejudice.[1]

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for lack of subject matter jurisdiction.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of October, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[1] Because the case will be dismissed, the Court does not address Plaintiff's arguments that he may proceed pro se on behalf of his father's estate. ECF No. 52 at 1–2. It also need not address his request for e-filing privileges. *Id.* at 3.