# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN E. HOBBS, SR.,

                Plaintiff,

v.

LAKE TERRACE NURSING &
REHABILITATION, LLC,

                Defendant.

Case No. 25-CV-1400-JPS

**ORDER**

## 1.    INTRODUCTION

Before the Court are Plaintiff Steven E. Hobbs, Sr.'s ("Plaintiff") motions to vacate judgment, ECF No. 56, for leave to file a second amended complaint, ECF No. 57, and to expedite ruling, ECF No. 60. For the reasons stated herein, the motion to vacate will be denied, the motion for leave to file a second amended complaint will be denied as moot, and the motion for expedited review will be granted.

## 2.    PROCEDURAL HISTORY

Plaintiff brought this case against Defendant Lake Terrace Nursing & Rehabilitation, LLC ("Defendant") in the Northern District of Illinois in January 2025 alleging various causes of action related to the death of his father. ECF No. 11. Specifically, he alleged claims for wrongful death, negligence, premises liability, elder abuse, and neglect. *Id.* at 3. He also purported to bring a claim under 42 U.S.C. § 1395i-3, which is part of the Federal Nursing Home Reform Act ("FNHRA"). *Id.* at 2, 6.

Defendant moved, inter alia, to transfer the case to the Eastern District of Wisconsin, and the motion was granted and the case randomly

assigned to this branch of the court in September 2025. ECF Nos. 23, 40, 45. This Court then issued an order questioning its subject matter jurisdiction and requiring jurisdictional statements from Plaintiff and Defendant for the purposes of evaluating whether subject matter jurisdiction existed. ECF No. 49. That order also granted Plaintiff leave to amend his complaint "to detail the factual basis for his purported claim under FNHRA and for Defendant's actions arguably being taken under color of state law" in the event he could resolve deficiencies that prevented the conferral of federal question subject matter jurisdiction in this case. *Id.* at 4.

Plaintiff then filed a statement indicating that he is domiciled in Illinois. ECF No. 52 at 2. Defendant responded indicating that it has six individual members, five of whom are domiciled in Illinois and one of whom is domiciled in Israel. ECF No. 53 at 1. Plaintiff failed to timely amend his complaint to raise a federal cause of action and allege how Defendant had acted under color of state law. The Court therefore concluded that it lacked subject matter jurisdiction and dismissed the case without prejudice. ECF No. 54 ("October 31 Order") at 2 (citing FED. R. CIV. P. 12(h)(3); *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005)).

Plaintiff now moves to vacate the Court's October 31 Order dismissing his case for lack of subject matter jurisdiction, for leave to file a second amended complaint, and most recently for expedited review of the same. ECF Nos. 56, 57, and 60.

## 3.  MOTION FOR LEAVE TO AMEND

As grounds for both his motion to vacate and his motion for leave to amend, Plaintiff states that he timely mailed his second amended complaint (before the Court's October 25, 2025 deadline, ECF No. 49 at 6) but that it was delayed. ECF No. 56 at 1; ECF No. 57-3 at 4. Perhaps the amendment

was lost in the mail—after all, the Court never received Plaintiff's originally-mailed proposed Second Amended Complaint and the first time that document appears on the docket is as an attachment to Plaintiff's motion for leave to amend. ECF No. 57-1. As it is unclear what occurred with the filing, the Court will consider Plaintiff's proposed Second Amended Complaint for the purposes of this Order. But because it still fails to state a federal claim and the Court therefore still lacks subject matter jurisdiction and will not reopen this case, *see infra* Section 4, the Court will deny Plaintiff's motion for leave to amend as moot. ECF No. 57.

### 4.      MOTION TO VACATE JUDGMENT

Rule 59(e) empowers a court to alter or amend a judgment on motion by a party filed within 28 days after judgment was entered. FED. R. CIV. P. 59(e). Motions to vacate a judgment, also called motions for reconsideration,[1] are granted only in rare circumstances. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). "Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Sease v. Darko*, 795 F. App'x 454, 456 (7th Cir. 2019) (quoting *Hicks v. Midwest Transit, Inc.* 531 F.3d 467, 474 (7th Cir. 2008) (internal bracketing omitted)). "A 'manifest error' is . . . the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Reconsideration is not an appropriate forum for rehashing

---

[1]*See, e.g. United States v. Gargano,* 826 F.2d 610, 611 (7th Cir. 1987), *superseded by statute on other grounds as recognized in United States v. Powers,* 168 F.3d 943 (7th Cir. 1999).

previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996) (citing *In Re Oil Spill*, 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993); and *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986)). "A party moving for reconsideration bears a heavy burden and its motion must be supported by a showing of extraordinary circumstances." *Dupar v. Pingel*, No. 21-CV-1058-JPS, 2023 WL 5939664, at *2 (E.D. Wis. Sept. 12, 2023) (citing *Mahurkar v. C.R. Bard, Inc.*, No. 01 C 8452, 2003 WL 22844237, at *1 (N.D. Ill. Dec. 1, 2003)).

Plaintiff argues that the Court's October 31 Order constituted a manifest error of law because the Court accepted an "unsworn diversity claim . . . without proof." ECF No. 56 at 2 (citing ECF No. 53 and *Thomas v. Guardsmark, LLC,* 487 F.3d 531 (7th Cir. 2007)). Relatedly, Plaintiff claims that Defendant lied about the citizenship of its members. *Id.* Defendant responds that there was no manifest error because Plaintiff's own affidavit supports Defendant's jurisdictional statement in asserting that several of the members of Defendant are citizens of Illinois, thus defeating diversity jurisdiction. ECF No. 59 at 3–4 (citing *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993)); *see also* ECF No. 57-3 at 1–2. The Court agrees with Defendant. Plaintiff has introduced no fact or law that undermines the Court's reasoning in the October 31 Order; in fact, Plaintiff's motion to vacate and supporting materials merely support the Court's reasoning. First, Plaintiff's own research found that several of Defendant's members are citizens of Illinois, the same state of which Plaintiff is a citizen, thus defeating diversity jurisdiction. ECF No. 56 at 2; ECF No. 57-3 at 1–2; *Krueger*, 996 F.2d at 931 (citations omitted). This also undermines any

contention that Defendant lied about the citizenship of its members. Finally, the case Plaintiff cites further supports the Court's dismissal. In *Guardsmark,* the Seventh Circuit emphatically reiterated that courts must ensure they have jurisdiction prior to "proceeding to the merits," and that this includes identifying the citizenship of all members of an unincorporated association such as an LLC. 487 F.3d 531, 533–34 (citing *Camico Mut. Ins. Co. v. Citizens Bank,* 474 F.3d 989, 992 (7th Cir. 2007)). Plaintiff has not shown that the Court erred as to its diversity finding.

Plaintiff also argues that the Court's dismissal order erred in "overlooking" federal question jurisdiction related to 42 U.S.C. § 1983. ECF No. 56 at 2. Liberally construing Plaintiff's motion, he contends that Defendant acted under color of state law because it is "Medicare/Medicaid-certified" and regulated by Wisconsin's Department of Health Services ("DHS"), and was, therefore, a state actor subject to suit under § 1983. *Id.; see also* ECF No. 57-3 at 4 ("[Defendant] is a private but state actor via Medicaid (participates, certified beds) and Wisconsin DHS regulation . . . ."). This argument fails. A private actor does not act under color of state law for the purposes of § 1983 merely because it is regulated by state entities or receives state funds. *Smith v. United Caring Servs.,* Nos. 25-1068 and 25-1211, 2025 WL 1672866, at *2 (7th Cir. June 13, 2025) (holding that state-funded homeless shelters were not state actors merely because they were regulated by and received funds from the state). Rather, it must be "interdependent [with the state] 'to a point of largely overlapping identity.'" *Scott v. Univ. of Chi. Med. Ctr.,* 107 F.4th 752, 761 (7th Cir. 2024) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 303 (2001)). Neither Plaintiff's operative complaint nor his proposed Second

Amended Complaint allege facts to support such interdependence.[2] Therefore, nothing suggests that Defendant can be held liable as a state actor under § 1983. The case Plaintiff cites to support that FNHRA is sometimes actionable under § 1983 does not apply here, then, because in that case—unlike here—the nursing home at issue was county-owned, making it a state actor for § 1983 purposes. Plaintiff has not met his burden to show a manifest error as to the October 31 Order's finding regarding lack of federal question jurisdiction.

Plaintiff lastly makes general allegations about "[u]ndercapitalization" and "[b]illing fraud." ECF No. 56 at 2. These general topics do not move the needle on reconsideration. While the Court is sympathetic to Plaintiff's experience, it cannot reach the merits of any of these claims because it lacks jurisdiction. If Plaintiff desires to continue pursuing these claims, he must do so in state court.

5.      MOTION TO EXPEDITE RULING

The Court lastly addresses Plaintiff's motion to expedite ruling on his motion to vacate and motion for leave to amend. ECF No. 60. The Court will grant this motion, recognizing that the statute of limitations may be soon approaching for some of his state law claims. This Order serves as the ruling Plaintiff seeks to expedite, and thus nothing further will be issued by the Court.

---

[2]And the Court need not accept as true Plaintiff's bald legal conclusion that Defendant is entwined with the state. ECF No. 57-1 at 6 (Defendant "acted under color of state law because it performs the public function of caring for vulnerable elderly through Wisconsin's Medicaid program and is entwined with the State via DHS regulation and funding."); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[T]he tenet that a court must accept as true all of the allegations in a complaint is inapplicable to legal conclusions.").

Accordingly,

**IT IS ORDERED** that Plaintiff Steven E. Hobbs, Sr.'s motion to vacate judgment and order of dismissal, ECF No. 56, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff Steven E. Hobbs, Sr.'s motion for leave to file an amended complaint, ECF No. 57, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that Plaintiff Steven E. Hobbs, Sr.'s motion to expedite ruling, ECF No. 60, be and the same is hereby **GRANTED**; this Order serves as an expedited ruling of his pending motions.

Dated at Milwaukee, Wisconsin, this 11th day of June, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge